IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES TRUST 2005-OPT1, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT1,<br><br>*Plaintiff,*<br><br>v.<br><br>CLARENCE OLIVER,<br><br>*Defendant*. | § § § § § § § § § § § § § § § <br><br>Civil Action No. SA-15-CV-205-XR |

**ORDER**

On this day the Court considered Defendant Clarence Oliver's *pro se* motion to dismiss. Docket no. 8. Plaintiff HSBC Bank USA ("HSBC") brought this complaint seeking declaratory judgment that it could foreclose a mortgage it holds on the property at 107 Deer Creek Drive, Boerne, Texas 78006, on March 18, 2015. Docket no. 1. HSBC has properly invoked this Court's diversity jurisdiction.[1] Oliver was served on March 30, 2015. Docket no. 5. His answer was due on April 20, 2015, but he did not timely answer the complaint. HSBC moved for the clerk to enter default on April 29, 2015, and the clerk entered default on May 4, 2015. Docket nos. 6 and 7.

The same day as the default was entered, Oliver filed this motion to dismiss. Docket no. 8. In his motion, Oliver showed contrition to the Court for failing to answer the complaint,

---

[1] *See* Docket no. 1 (HSBC asserting it is a trustee with its citizenship in Virginia, and Oliver is a resident of Texas, demonstrating complete diversity, and attaching evidence showing a property value of $138,830 to satisfy the amount in controversy); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks declaratory relief, the value of the property that is the subject of the litigation is the amount in controversy).

1

explaining he did not get "correct information" initially and that he would "never intentionally not follow an order." *Id*. at 2.  He further stated that he was in an accident suffering serious injuries, attaching a doctor's note as evidence.  *Id*. at "Hastings Chiropractic & Wellness Center" Letter.

To support his motion, Oliver argues he called his lender "with whom [he] had started loan modification approval" process to get "current and up to date" on his mortgage payments. *Id*. at 1.  He states he has "completed . . . all requirements to qualify for loan" assistance and had an appointment scheduled for May 11, 2015 with the loan representative to further discuss modification.  *Id*.  Oliver has attached his "Request for Mortgage Assistance" application and correspondence with the lender to this motion.[2]

Oliver has not articulated any legal or factual basis for his motion to dismiss, and therefore the Court denies the motion.  The Court construes this *pro se* "motion to dismiss" as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff.  *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).  To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

---

[2] The Court points out that the request is with Ocwen Loan Servicing, LLC, not HSBC.

*Twombly*, 550 U.S. at 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

HSBC has properly stated specific allegations on which relief may be granted, alleging that it holds a mortgage on the property at issue, Oliver has defaulted on payments on that mortgage, and HSBC is seeking judicial foreclosure as set out in the Texas Property Code to protect its interest.  Docket no. 1 at 2-4.  Oliver points to no law saying HSBC's complaint should be dismissed.  Further, Oliver appears to admit his mortgage is in default, as he states he is trying to get "current and up to date."  Docket no. 8.  Oliver is also advised that completing an application for loan modification or assistance is not a basis to defend against judicial foreclosure in Texas.  *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013).

For the above reasons, Defendant's motion to dismiss is DENIED.  Oliver is ORDERED to file an answer to Plaintiff's complaint by June 1, 2015.

It is so ORDERED.

SIGNED this 19th day of May, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

3